# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **MICHAEL WAYNE DICKERSON,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) NO. 3:21-cv-00292 |
| **SOUTHERN HEALTH PARTNERS, et al.,** | ) ) ) ) |
| **Defendants.** | ) ) |

## MEMORANDUM AND ORDER

Michael Wayne Dickerson, an inmate of the Bledsoe County Correctional Complex in Pikeville, Tennessee, filed a pro se civil complaint and an application to proceed in forma pauperis (IFP) on April 9, 2021. (Doc. Nos. 1, 2). By Order entered May 26, 2021, the Court found these two filings insufficient under the applicable standards of Rule 8 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(a), respectively, and directed Plaintiff to file an amended complaint and a new IFP application on forms provided by the Clerk's Office. (Doc. No. 5). The Court cautioned Plaintiff that if these filings were not made within 30 days, his action may be dismissed for failure to prosecute and for failure to comply with the Court's Order. (Id. at 3).

On June 22, 2021, the Court's Order was returned because it was addressed to a name that did not match the Tennessee Department of Correction (TDOC) inmate number included in the address. (Doc. No. 6). The Clerk's Office re-sent the Order that same day in a mailing addressed to Plaintiff using the correct TDOC inmate number, #356850.[1] See TDOC Felony Offender

---

[1] A notation on the electronic docket reveals that the Clerk's Office appropriately addressed its original mailing of the Order to the name and TDOC inmate number contained in the complaint, #105964. Upon

Information, https://apps.tn.gov/foil-app/results.jsp (identifying Plaintiff as inmate #356850) (last visited July 26, 2021).

As of the date of entry of this Order, the Court's most recent mailing has not been returned, and Plaintiff has not complied with the Court's prior Order by making the required filings (or seeking an extension of time in which to do so) before the expiration of his 30-day filing deadline. He has thus failed to prosecute this case.

Dismissal of this action is required, in view of Plaintiff's fault in failing to comply with the Court's Order despite having been warned that such failure could lead to dismissal, Choate v. Emerton, No. 2:16-cv-00037, 2018 WL 3656505, at *2 (M.D. Tenn. Aug. 2, 2018), report and recommendation adopted, 2018 WL 4076955 (M.D. Tenn. Aug. 27, 2018), and pursuant to the Court's "well settled . . . authority to dismiss sua sponte a lawsuit for failure to prosecute." Carpenter v. City of Flint, 723 F.3d 700, 704 (6th Cir. 2013). Due to Plaintiff's pro se status, as well as the preference for disposing of cases on their merits, the Court finds dismissal without prejudice to be the appropriate disposition here. See Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 591 (6th Cir. 2011).

Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** for want of prosecution and for failure to comply with the Court's Order.

The filing fee is nevertheless to be assessed against the prisoner in this circumstance. See In re Prison Litig. Reform Act, 105 F.3d 1131, 1132 (6th Cir. 1997) ("If the prisoner does not comply with the district court's directions, the district court shall presume that the prisoner is not a pauper, and assess the inmate the full amount of fees."). Accordingly, the entire $402 fee is hereby **ASSESSED**, as follows:

---

the return of that mailing, the Clerk's Office discovered that a different TDOC inmate number was reported in Plaintiff's IFP application and re-sent the Order to Plaintiff using that number, #356850.

2

Case 3:21-cv-00292   Document 7   Filed 08/10/21   Page 2 of 3 PageID #: 24

The warden of the facility in which Plaintiff is currently housed, as custodian of Plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. Id. § 1915(b)(2). Payments shall continue until the $402 filing fee has been paid in full to the Clerk of Court. Id. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility where Plaintiff is housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE